**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 2:07-cr-270-RLH-GWF |
| vs. | ) | **O R D E R** |
| | ) | (§2255 Motion to Vacate–#168) |
| THOMAS COMANS III, | ) | (Motion to Dismiss Motion–#170) |
| Defendant. | ) | |

Before the Court is Defendant's pro se **Motion to Vacate or Set Aside Sentence (28 U.S.C. §2255)**, (#168, filed May 25, 2012). The United States' opposition to that motion came in the form of a **Motion to Dismiss Defendant's Second 28 U.S.C. §2255 Motion** (#170, filed August 3, 2012). It is unusual to file a motion to dismiss a motion. One usually would be asked to either deny or to strike a motion, not to dismiss it. Accordingly, the Court will consider the Government's Motion as an opposition requesting the Court to strike or deny Defendant's Motion. Defendant filed a Reply (#172 and #173-1: the latter being an attachment to a letter written by Defendant to ensure that his Reply was received) on August 30, 2012.

The Court has considered all the foregoing documents and denies Defendant's Motion to Vacate or Set Aside Sentence for the following reasons.

The Court will not address the Rule of the Ninth Circuit Court of Appeals that a second or successive §2255 motion cannot be filed without prior permission by the Circuit Court, because the first (or perhaps the first two) such motions were stricken.

## I. PROCEDURAL DEFAULT

As explained in the Government's "motion," to dismiss the first §2255 motion on this issue, this matter has been previously appealed and affirmed, and this issue was not raised on appeal. The failure to raise a claim on direct appeal constitutes procedural default. *See United States v. Skurdal*, 341 F.3d 921, 925 (9th Cir. 2003). In *Smith v. Baldwin*, 510 F.3d 1127, 1139 (9th Cir. 2007). The Ninth Circuit explained:

> On federal habeas review under AEDPA, generally we may not reach the merits of procedurally default claims. However, a petitioner can overcome procedural default and obtain federal review of the merits of his claim in one of two ways. First a petitioner overcomes procedural default if he presents sufficient evidence to demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. To make this showing, a petitioner's case must fall within the narrow class of cases involving extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime. Second, a petitioner may overcome procedural default by making an adequate showing of cause and prejudice for his failure to exhaust his state court remedies (citations, quotations, and alterations omitted).

Defendant Comans makes no effort to demonstrate cause and prejudice or actual innocence. His only effort is to ask this Court to transfer this matter back to Judge Navarro, who was erroneously assigned to address his first motion. However, §2255(a) requires that this motion be brought in "the court which imposed the sentence," which is my court. He suggests that perhaps he should have made a claim for ineffective assistance of counsel on appeal. However, he makes no effort to claim, much less demonstrate, that counsel was ineffective.

For the foregoing reasons, the Motion will be denied.

## II. FAILURE ON THE MERITS

Comans complains that denying his Motion precludes consideration of the merits of his Motion. The Court will take the liberty of explaining why the Motion would be denied even on its merits.

The thrust of his argument, which tracks the argument of his counsel in the first §2255 Motion, is that "[I]n light of *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 [2002], which held that the government could not constitutionally prohibit the possession of images whose models 'appeared"

to be under the age of 18 but could have been adults, did the court err in permitting such images to be presented to the jury to show predisposition to underage sex to rebut Defendant's claim of entrapment?" The answer to the question, is "NO."

Comans was not charged with possession of the images to which he refers. Accordingly, *Ashcroft* does not apply. Neither the Government nor the Court prohibited his possession of the images in question. They were used for the limited purpose of showing his predisposition for sex with young looking men.

Defendant ignores the fact that he was charged with soliciting a person who he thought was 13 years of age, and that he claimed he was entrapped, *i.e.*, that he was not inclined to have sex with someone so young. The evidence of his emails or texts to the target of his solicitation contains ample evidence that he was told, on several occasions that the target was 13. He was even asked if 13 was too young. The pictures which he objected to and now objects to were pictures of him in Thailand with very young men, and engaged in explicit homosexual activities. The Court only permitted a very few of the pictures proffered by the Government, which it had seized pursuant to a legal search warrant. The jury was told that the Government Agent did not know the age of the people in the picture, except for the Defendant, but that they looked to the witness to be under 18. The jury was asked to determine the ages of those in the pictures with Comans. They were only instructed that they could consider the pictures to determine whether Defendant was entrapped into soliciting the favors of a 13-year old, or whether he had the predisposition to do so.

While Mr. Coman's photos may have been "like" the photos taken off the Internet, they were not taken off the Internet. They were photos Coman's had had taken for him, which he retained for his own purposes.

The jury instruction given was appropriate and accurately stated the law. Furthermore, the giving of the instruction was also not appealed, nor has there been a showing of cause and prejudice or innocence.

/ / /

1   Accordingly, in addition to the procedural default on this issue, the substance of the
2 Motion has no bases and is, or would be, denied on its merits.
3   IT IS THEREFORE ORDERED that Defendant's pro se **Motion to Vacate or Set**
4 **Aside Sentence (28 U.S.C. §2255)**, (#168) is DENIED.
5   IT IS FURTHER ORDERED that the United States' **Motion to Dismiss Defendant's**
6 **Second 28 U.S.C. §2255 Motion** (#170) is granted to the extend it is a motion to deny Defendant
7 Coman's §2255 Motion.
8   Dated: September 12, 2012.

_____
**Roger L. Hunt**
**United States District Judge**